**In re RUSSELL CAVE COMPANY, INC. f/k/a The J. Peterman Company, Debtor.**

**Bankruptcy No. 99–50142.**

United States Bankruptcy Court, E.D. Kentucky, Lexington Division.

April 28, 2000.

Gregory D. Pavey, Lexington, KY, for debtor.

W. Robinson Beard, Louisville, KY, for Hellier Financial Leasing, Inc.

Gregory R. Schaaf, Lexington, KY, for IOS Capital, Inc.

## MEMORANDUM OPINION & ORDER

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the debtor's Objection to Certain Equipment Lease Claims (Doc. # 518) and the Responses of Heller Financial Leasing, Inc. (Doc. # 536) and IOS Capital, Inc. (Doc. # 551). The debtor has filed a Reply to each of the Responses (Doc. # s 552 and 553). The parties have briefed their positions, a hearing was conducted on March 9, 2000, and the matter has been submitted to the Court for decision.

The record in this case shows that the debtor filed its Chapter 11 petition in this Court on January 25, 1999. The debtor's Objection, filed herein on January 31, 2000, had attached to it "Exhibit A, Schedule of Leases" which listed claims it sought to have disallowed and expunged. Included were the certain claims of Heller Financial Leasing, Inc. ("Heller") and IOS Capital, Inc. ("IOS"). Only Heller's claim is addressed in the text of the Objection, however. There it is set out that on October 15, 1999, Heller filed a Chapter 11 Administrative Expense Claim and Request for Payment of Administrative Expense ("the Original Claim") in the total amount of $6,265.77 regarding the debtor's lease of equipment from the date of filing through March 22, 1999, when the lease was rejected. Heller then filed an amended Chapter 11 Administrative Expense Claim and Request for Payment of Administrative Expense ("the Amended Claim") on November 1, 1999. The Amended Claim asserted an administrative expense claim in the amount of $11,873.87, consisting of $6,265.77 post-petition rent and $5,608.10 for alleged damages to leased equipment. The debtor has objected to

both the Original Claim and the Amended Claim.

The debtor's objections to Heller's claims had two bases. The first was that Heller failed to attach to its Amended Claim any documentation or other proof of damage to the equipment caused by the debtor. That objection is not addressed by this opinion and order. The second, and the one that will be discussed here, is that claims under an equipment lease arising within 60 days of the filing of the petition do not constitute an administrative expense under 11 U.S.C. § 503 nor a priority claim under 11 U.S.C. § 507.

In that regard, the debtor further contends that pursuant to 11 U.S.C. § 365(d)(10), a 1994 amendment to § 365, it is the beneficiary of a 60–day abeyance period during which claims that arise do not represent administrative claims. This section provides in pertinent part as follows:

> (10) The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property (other than personal property leased to an individual primarily for personal, family, or household purposes), until such lease is assumed or rejected notwithstanding section 503(b)(1) of this title, unless the court, after notice and a hearing and based on the equities of the case, orders otherwise with respect to the obligations or timely performance thereof.

Since the lease with Heller (as well as the others listed in Exhibit A) was rejected within this 60–day period, the debtor contends that the effect of § 365(d)(10) is to deprive the lessor of the opportunity to recover an administrative expense related to the use of this equipment during that period. The debtor does not deny that it used Heller's equipment during this period.

Heller's response to the debtor's position on this issue is that the debtor has completely misconstrued § 365(d)(10). Heller asserts that to interpret the section as providing a 60–day exception to the debtor's administrative expense obligation under 11 U.S.C. § 503(b)(1)(A) "makes no sense and is. . . . not required by a 'plain meaning' reading of the statutes." Unfortunately there is little case law and less legislative history available to assist the Court in discerning the proper application of this statute to the instant matter. The Court believes, however, that a review of Code treatment of real and personal property leases both before and after 1994 will be helpful.

Prior to 1994, personal property leases were specifically addressed only in 11 U.S.C. § 365(d)(2), which deals with assumption and rejection of executory contracts and unexpired leases. It states that

> the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of the plan but the court, on request of any party of such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

A lessor of personal property who sought lease payments as an administrative expense was required *in every instance* to make application under 11 U.S.C. § 503(b)(1)(A), which allows, after notice and a hearing, administrative expenses including "the actual, necessary costs and expenses of preserving the estate,. . . ." Pursuant to § 503(b)(1)(A), the burden is on the claimant to demonstrate that the expenses were actual and necessary and that they benefitted the estate. *See In re United Trucking Service, Inc.*, 851 F.2d 159 (6th Cir.1988).

Also in effect both before and after 1994, § 365(d)(3) deals with leases of nonresidential real property. It states in pertinent part as follows:

> The trustee shall timely perform all the obligations of the debtor, except those

specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

The language of this provision is very similar, although not identical, to the language found in § 365(d)(10). Both sections direct the trustee to "timely perform all the obligations of the debtor.... notwithstanding section 503(b)(1) of this title." In *In re Brennick,* 178 B.R. 305 (Bkrtcy. D.Mass.1995), the court engaged in an enlightening discussion of this language as it is found in § 365(d)(3):

Most of the decisions seem to agree on at least two aspects of the statute. First, they rule the language "notwithstanding section 503(b)(1) of this title" does away with the need for a hearing authorizing payment of the administrative expense claim..... [The statute] does contain a clear command—that the trustee "shall timely perform" the debtor's obligation to pay rent. This (and the similar provision in section 365(d)(10)) is the only provision in the Code requiring the estate to perform the debtor's obligations at all, much less in a timely manner. Legislative history gives the reason for the command—the coercive nature of a lessor's extension of credit. (Cites omitted.)

At 307–308. This analysis, with which this Court agrees, makes it clear that the purpose of § 365(d)(10) is to mandate the performance of the debtor's obligations under an unexpired lease, beginning at the 60th day after filing, not to provide a 60–day "free" period during which the debtor may use the equipment and the lessor may not even seek payment.

The comparison of §§ 365(d)(3) and (d)(10) makes it clear why the court in *In re Elder–Beerman Stores Corp.,* 201 B.R. 759 (Bkrtcy.S.D.Ohio 1996), characterized the 60–day period set out in § 365(d)(10) as an "abeyance period." Section 365(d)(3) requires the trustee to pay rent from the time the petition is filed; section 365(d)(10) does not require the trustee to make per-

sonal property lease payments until 60 days have passed. Thus, the 60–day "abeyance period" is the time when the requirement to pay rent is not in effect. The debtor maintained that *Elder–Beerman Stores* supported its position, based on that court's denominating the 60–day period as an "abeyance period." This Court agrees with Heller, however, that *Elder–Beerman Stores* comports with its view of this issue, and that the debtor's interpretation of that opinion is incorrect.

■ This Court also agrees with the *Brennick* court's observation concerning the language "notwithstanding section 503(b)(1) of this title," i.e., that it eliminates the necessity of making an application under that statute, with its attendant requirements to show that the expenses were actual and necessary and that they benefitted the estate, during the period when the trustee is directed to perform the debtor's obligations. The debtor appears to argue, however, that this language in § 365(d)(10) does away with a claimant's right to apply for administrative expenses under § 503(b)(1) during the period not encompassed by the directive to the trustee to act.

This argument by the debtor is in reply to IOS's position that § 365(d)(10) not only does not provide a 60–day "free" period, it does not even speak to the first 59 days after the filing of a petition. IOS maintains that a creditor like itself may make application for administrative expenses relative to unexpired leases of personal property pursuant to § 503(b)(1) up until the 60th day after filing, after which the trustee is **required** to perform the debtor's obligations under the lease. IOS's position is bolstered by a statement made by Senator Grassley concerning the proposed change in 11 U.S.C. § 365 (140 Cong.Rec. S14461 (daily ed. October 6, 1994)):

Section 219 makes needed changes in the treatment of leases of personal property. Sixty days after the order for relief, the debtor will have to perform all obligations under the equipment lease,

**660**

unless the court holds a hearing and determines otherwise, with the burden on the debtor. The word "first" as used in the section refers to the payments and the performance of all other obligations that initially become due more than sixty days after the order for relief. The purpose of that reference is to make it clear the intent that the provision does not affect payments originally due prior to 60 days before the order for relief.

It seems clear, therefore, that both case law and legislative history, sparse as it is, supports the positions of Heller and IOS.

In consideration of all of the foregoing, is the opinion of this Court that the debtor's Objection to Certain Equipment Lease Claims, specifically those of Heller Financial Leasing, Inc. and IOS Capital, Inc. as it relates to their right to seek payment for administrative claims for use of the leased equipment for the 60 days following filing of the petition, should be overruled, and the Court hereby so ORDERS.